## MEAD, Trustee &c., vs. DOE, Garnishee.

Even though a judgment is liable to be set aside on application of the judgment debtor by reason of the reversal, on appeal, of an interlocutory order of reference, still, so long as the judgment debtor does not move to set it aside, it will furnish a good foundation for a garnishee proceeding, and will neither be treated as a nullity nor vacated at the instance of the garnishee.

A garnishee who, on his examination before a county judge or court commissioner, under chapter 249, Laws of 1862, acknowledges himself indebted in a certain amount to the judgment debtor, is not entitled to any notice of an application for judgment against him in the circuit court where the judgment was taken against his principal.

APPEAL from the Circuit Court for *Rock* County:

In an action by *Mead*, as trustee of the separate estate of Ann M. C. Smith, against one Walker, which was pending in the circuit court for Rock county on the 24th of December, 1862, an order was made on that day referring the cause to W. C. Allen, Esq., to hear and determine. An appeal was taken from this order to the supreme court, and the order was reversed October 15th, 1863, and the cause remitted to the circuit court in November following. In the meantime the referee had proceeded to hear and determine the action, and in January, 1863, reported that there was due from Walker to the plaintiff $13,

464; and judgment for that amount was rendered against Walker in May following. In October, 1863, a notice of garnishment (signed by the sheriff of Rock county) and a copy of the affidavit on which the same was founded, were served upon *J. B. Doe*, and he appeared before the county judge of said county and was examined as garnishee in pursuance of said notice on the 23d of October. On the 15th of December following, the circuit court, on motion of the plaintiff, made an order reciting, among other things, that it appeared from said examination that *Doe* had in his hands $435.89 belonging to Walker, and directing that judgment be rendered against him for that amount in favor of *Mead*. Judgment was entered accordingly. On the next day *Doe* filed an affidavit which, after reciting the above facts, stated that the affiant had intended to oppose the right of said *Mead* to any judgment against him as garnishee, but had supposed that he would be entitled to further notice from said plaintiff of his intention to apply for such a judgment; that affiant had supposed that the plaintiff would not ask for judgment against him by reason of the reversal of the order of reference in the principal action; and that such reversal was on file in said circuit court when judgment was taken against the affiant as garnishee. Upon this affidavit *Doe* moved to set aside the judgment against Walker, and also that against himself; and from an order denying this motion took the present appeal.

*J. Niel*, for appellant, argued 1. That the reversal of the order of reference in the principal cause necessarily affected the judgment therein. 2. That while judgments will not generally be set aside on motion of strangers to the record, the case at bar was an exception. All the proceedings against *Doe* were had upon the supposition of a valid subsisting judgment against Walker. If the legal effect of that judgment was reversed, the garnishee proceedings were irregular and void. And to relieve himself from liability as garnishee, he was entitled to be heard in his application to vacate said judgment

*pro forma.* 3. The examination of the garnishee having been taken before the county judge, he was entitled to notice of application for judgment against him as garnishee. Until such notice was given, he had no means of knowing whether his answer was or was not satisfactory to the respondent. 4. The provisions of the statute (sec. 91, ch. 134, R. S.) were not complied with in the garnishee proceedings. It contemplates that the proceedings shall be directed by the judge; and no authority is given to the sheriff to originate them.

*A. Hyatt Smith,* for respondent:

The record in *Mead v. Smith* is not in this court, and can only be brought here on appeal or writ of error. *Cook v. Darling,* 18 Pick., 393; *Evans v. Adams,* 3 Green, 373. The judgment in that action is conclusive until reversed. *Briggs v. Clark,* 7 How. (Miss.), 457; *Pender v. Felts,* 2 Sm. & M., 535; *Venable v. McDonald,* 4 Dana, 336; *Evans v. Percival,* 5 Pick., 424; *Swiggart v. Harber,* 4 Scam., 364; *Packard v. Smith,* 9 Wis., 184.

*By the Court,* COLE, J. It is not necessary and cannot be proper for us to inquire on this appeal, how the judgment of *Mead v. Walker* would be affected by a reversal of the order of reference. It might be held, perhaps, if we had the record in that case before us, that that judgment was erroneous, because the reference was unauthorized. However this may be, it does not follow that the garnishee upon that judgment can contest its regularity or validity, or take advantage of any error which might have occurred in entering it up. That is a matter which concerns the judgment debtor, and not the garnishee. What right has the garnishee to come into court and ask that the judgment be set aside? He claims it solely upon the ground and for the reason that this court reversed the order of reference in *Mead v. Walker,* and this reversal, it is said, must necessarily and by operation of law in some way have affected the correctness of the judgment in that case. Con-

cede that this is so, and what is the inference ? That the court should set aside that judgment not at the instance of Mr. Walker, but upon the application of a stranger to the record ? It seems to us that to do so would be a plain departure from well established principles. Suppose Walker should be willing to acquiesce in the judgment against him, on the ground that he could not hope to reduce the amount on another trial, or for any other reason satisfactory to him, must the judgment be still set aside at the request of the garnishee ? This probably would not be claimed; and yet why not, if the garnishee upon the judgment can come into court and take advantage of some error in an interlocutory order made in the suit? As already observed, it may well be that Walker could reverse the judgment on error. We, of course, do not wish to be understood as expressing any opinion upon that point. But for the purposes of the argument we assume that he might. Still it does not follow that the judgment is to be treated as a nullity, or set aside and vacated at the instance of a stranger to the record. To our minds it is perfectly evident that the judgment in the case of *Mead v. Walker* must be deemed a valid judgment until reversed or set aside in a proper manner. And being a valid subsisting judgment, it furnishes a good foundation for the garnishee proceeding.

The statute provides that any person who has property, credits or effects in his hands belonging to the judgment debt may be garnisheed. Chap. 249, Laws of 1862. And was under this law, as we understand it, that this proceeding was instituted. We cannot see but the statute has been strictly followed in this special proceeding. It is claimed that the garnishee was entitled to some further notice of application for judgment against him. Under the circumstances we do not think this was necessary. He admitted in his examination that he had in his hands the sum of $871.79, one half of which belonged to Walker. And judgment for the amount which it appeared from his answer he held belonging to the

JANUARY TERM, 1864. 35

judgment debtor, was rendered against him. If he pays this sum to the sheriff, the statute provides that he shall no longer be liable therefor to the judgment debtor. He is in no wise prejudiced, that we can see, by not having further notice of the application for judgment against him as garnishee.

The order appealed from is therefore affirmed.